**MEDOIL CORP., and Evangelos Karvounis, Plaintiffs,**

v.

**Otto CLARK, Pieter Danielsson, and Sven Philip Sorensen.**

No. C–C–90–98–P.

United States District Court,
W.D. North Carolina.
Charlotte Division.

Dec. 18, 1990.

Mark C. Kurdys, Charlotte, N.C., Robert A. Milana, New York City, for plaintiffs.

Peter B. Shaeffer, Chicago, Ill., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant Clark's motion, filed September 8, 1990, to dismiss the complaint.

## I. PROCEDURAL AND FACTUAL BACKGROUND.

This action primarily involves an alleged scheme during the years of 1986 through 1990 by Defendants to defraud Plaintiffs and others of investments made in Clark Copy International Corp. (hereinafter "Clark Copy"), an Illinois corporation.[1] Plaintiffs claim that Defendants Pieter Danielsson (hereinafter "Danielsson") and

---

1. In the complaint, Plaintiffs state at paragraph 13 that Clark Copy has its principal and sole place of business at 4300 Barringer Drive, Charlotte, North Carolina. On November 29, 1990, Plaintiffs filed an executed affidavit of Defendant Otto A. Clark, past president of Clark Copy. In his affidavit, Clark states that Clark Copy had its principal place of business in the Northern District of Illinois.

Plaintiffs have failed to rebut the Clark affidavit. Moreover, in Plaintiffs' proposed amended complaint filed December 5, 1990, Plaintiffs have not stated that during the relevant times of the alleged fraudulent activities that Clark Copy was located in Charlotte, North Carolina. Accordingly, the Court believes that paragraph 13 of the complaint is erroneous. Therefore, the Court finds that Clark Copy did not have its principal and sole place of business in this district.

Sven Philip Sorensen (hereinafter "Sorensen") enticed Plaintiffs (Connecticut residents) and others to invest money in Clark Copy. Unbeknownst to Plaintiffs and others, Clark Copy was a shell corporation with no substantial assets. According to Plaintiffs, Danielsson and Sorensen conspired with Defendant Otto Clark (hereinafter "Clark"), the President of Clark Copy, to misrepresent the value of Clark Copy.

Plaintiffs believe that over $13,000,-000.00 was raised by Danielsson and Sorensen through stock transactions to be invested in Clark Copy. Moreover, Plaintiffs further contend that Clark agreed to have Clark Copy "launder" approximately $6,000,000.00 of the raised funds back to Danielsson and Sorensen in order to bail out their clients from unrelated fraudulent transactions. Plaintiffs also contend that the remaining portion of the investment was squandered by Clark to support his lavish life style.

Plaintiffs allege that they were defrauded by Defendants of over $850,000.00 in 1986. In late 1986, Plaintiffs contend that Clark caused to be purchased (by Clark Copy) White Business Machines (hereinafter "White"), a North Carolina corporation located in Charlotte, for the price of $3,000,000.00. Plaintiffs believe that the purchase was made from proceeds of the Clark Copy fraud for the purpose of concealing the fraud. By 1989, Clark Copy was insolvent and the investments made by Plaintiffs and others were worthless. The only asset presently remaining from Clark Copy is White.

The Complaint in this matter was filed on March 29, 1990. The first claim for relief alleges that Defendants' actions constitute a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) codified at 18 U.S.C. § 1961, *et seq.* The second claim for relief alleges that Defendants conspired to violate RICO in violation of 18 U.S.C. § 1962(d). The third claim for relief alleges that Defendants in connection with their fraudulent scheme made untrue statements and/or omitted material facts in violation of Section 10(b) of the 1934 Securities Act, 15 U.S.C. § 78j(b). The fourth claim for relief alleges that Defendants perpetrated a fraud on Plaintiffs in violation of Section 17(a) of the 1933 Securities Act, 15 U.S.C. § 77q. The fifth claim for relief alleges that Defendants' actions are actionable as common law fraud. The sixth claim for relief alleges that Defendants negligently made material misrepresentations.

As indicated above, Defendant Clark filed his motion to dismiss on September 18, 1990. Thereafter, this matter was reassigned to the undersigned from Judge McMillan. On November 16, 1990, this Court entered an Order directing Defendant Clark to sign and execute his affidavit on which he relied in bringing the motion to dismiss. The Court also indicated that its initial review of the motion to dismiss demonstrated that the Complaint failed to show a substantial connection with this district for purposes of venue. The Court suggested that it would be receptive to a motion to Amend the Complaint to "demonstrate specific and obvious contacts that this litigation has with North Carolina".

■ On December 3, 1990, Plaintiffs filed a motion to Amend the Complaint along with a memorandum of law in opposition to Defendant Clark's motion to dismiss and in support of Plaintiff's motion to amend pleadings.[2] Plaintiff filed, on De-

---

**2.** On October 22, 1990, the Court entered a superseding pretrial order in this case. Paragraph 8 of the pretrial order pertains to the filing of responses. That paragraph provides in pertinent part:

Responses to motions, if any, must be filed *WITHIN FOURTEEN (14) DAYS* of the date on which the certificate of service is signed.... If a party has filed a motion before the entry of this Order, the respondent shall have *FOURTEEN (14) DAYS* from the filing date of this Order to file a response.... Pursuant to Rule 6(e) of the Federal Rules of Civil Procedure, when a party serves a motion by mail, the respondent shall have an additional three days to file a response. (emphasis in original).

Because the pretrial order was entered subsequent to the motion to dismiss being filed, any response to the motion to dismiss should have been filed no later than November 8, 1990.

cember 5, 1990, a proposed First Amended Complaint. The proposed Amended Complaint stated that the purchase of White was "a subtle, but vital element of the fraudulent scheme". Apparently, Plaintiffs contend that $3,000,000.00 from the scheme was invested in White for the purpose of laundering the proceeds of the fraud into an ongoing business. On December 11, 1990, Clark filed a reply to Plaintiffs' memorandum of December 3, 1990.

## II. PLAINTIFFS' MOTION TO AMEND.

▮▮▮ Rule 15(a) of the Federal Rules of Civil Procedure is applicable for motions to amend pleadings. That Rule provides in pertinent part:

> ... [a] party may amend the party's pleading ... by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

The Courts have shown a "strong liberality ... in allowing amendments under Rule 15(a)." 3 *Moore's Federal Practice*, Par. 15.08[2] at 15–47 (1990) (citing *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865, 871 (4th Cir.1941) (hereinafter "Moore's")). Leave should be freely given to allow amendment for the purpose of presenting the real issues of the case, where the moving party has not exercised bad faith and is not acting to delay the disposition of the case, where the opposing party would not be prejudiced, and when unnecessary delay will not result if the motion to amend is granted. *Id.* at 15–49; *see also Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274 (4th Cir.1987). The clearest cases for leave to amend are correction of an insufficient claim or defense and clarification of previously alleged claims. *Moore's*

at 15–55. Leave to amend should also be freely granted to correct or clarify an insufficient statement of the jurisdictional basis of the suit. *Id.* at 15–63.

▮ In this case, the Court believes that Plaintiffs' motion to amend should be granted. The proposed amendment attempts to set forth the jurisdictional ties Defendant Clark has with this district. Therefore, the Court believes that Rule 15(a) favors the amendment being made.

## III. DEFENDANT CLARK'S MOTION TO DISMISS.

Defendant Clark raises several grounds in support of the motion to dismiss. Because the Court believes that Plaintiffs have failed to demonstrate that venue is proper in this district, the Court will only address Clark's venue arguments.

### A. *Introduction.*

As the Court noted in its Order of November 16, 1990, the Complaint in this matter is deficient in setting forth the connection that this matter has with this district. Paragraph 6 of the Complaint provides "... [t]hat Defendants are transacting their affairs in the Western District of North Carolina, and acts and occurrences in furtherance of the claims alleged herein arose in the Western District of North Carolina ...". Paragraph 61 of the Complaint describes the purchase of White and Clark's lavish personal lifestyle. Paragraph 66 states that White is the only remaining viable asset of Clark Copy. Paragraphs 68–69 describe the insolvency of Clark Copy and the supposed attempt by Defendants to remove the control of White from the Clark Copy investors.

The Amended Complaint does little more in showing that any connection exists be-

---

In this case, the response was filed on December 3, 1990—25 days late. The only reason given by Plaintiffs to explain the untimeliness of the response is that during preparation of the response, Plaintiffs received the Court's Order of November 16, 1990. Plaintiffs state that the memorandum was revised to highlight the concerns of the Court and to include the motion to amend as suggested by the Court.

The Court believes that this excuse is grossly inadequate. The Court's order of November 16,

1990 was filed well after the November 8, 1990 deadline for the filing of the response. Apparently, Plaintiffs have chosen to ignore the clear language of this Court's pretrial order. In order to ensure the efficient disposition of cases, compliance with the pretrial order is essential. Accordingly, the Court finds that Plaintiffs' response is untimely. Therefore, the Court will strike the response and not consider it except to those portions addressing the motion to amend the complaint.

tween the fraudulent stock transfers and this district. Paragraph 2 of the Amended Complaint states that Clark entered into negotiations for the purchase of White. Paragraph 3 cites to a "Memorandum of Understanding" entered into by Clark and Danielsson in which it was agreed that Clark would purchase White. Paragraph 6 indicates Clark's contacts with North Carolina were substantial due to his role as the sole director of White. Plaintiffs claim that Clark had daily contacts with White and made numerous visits to White in North Carolina. In Paragraph 7 of the Amended Complaint, Plaintiffs contend that all Defendants continue to own stock in White.

Despite the fact that Clark may have had some contact with North Carolina as a director of White, there is no evidence in this record that any of the alleged fraudulent transactions were transacted in North Carolina. Instead, the only connection that North Carolina has to this action is that part of the proceeds from the alleged fraud were used to purchase White. While White is the only asset remaining from Clark Copy, Clark Copy is not a named Defendant. Therefore, the connection with this district must be analyzed from the perspective of the connection between Clark and White, and not from Clark Copy and White. The Court believes that this analysis leads it to conclude that venue is not proper in this district for the reasons cited below.

B. *Venue Under 28 U.S.C. § 1391(b).*

■ When federal jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391(b) provides a basis for establishing venue.[3] That statute provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose.

In this case, the Complaint states that Danielsson resides in Switzerland, Sorensen resides in Sweden, and Clark resides in Chica-

go, Illinois. Accordingly, any claim of venue under § 1391(b) must be brought in the district "in which the claim arose".

■ The burden is upon the plaintiff to show that each claim arose in this district. *See Wilson v. Wilson–Cook Medical, Inc.,* 720 F.Supp. 533, 539 (M.D.N.C.1989). However, the statute does not provide a definition for the term "claim arose".

The Fourth Circuit has directed that courts in this District utilize a "weight of the contacts" test in determining where the claim arose for purposes of § 1391(a). *See Broadcasting Co. v. Flair Broadcasting,* 892 F.2d 372, 377 (4th Cir.1989) ("[W]e believe that the 'weight of the contacts' test is the most appropriate means for determining venue under 28 U.S.C. § 1391"). Under the test, venue is proper in the district having the most significant ties to the claim. *Id.* at 376. The test achieves the goal of protecting "the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial" by weighing all factors relevant to venue. *Id.* at 377 (citing *Leroy v. Great Western United Corp.,* 443 U.S. 173, 183–84, 99 S.Ct. 2710, 2716–17, 61 L.Ed.2d 464 (1979)).

In a case where most of the meetings, discussion and negotiations between the parties occurred outside of South Carolina, the Fourth Circuit upheld the District Court of South Carolina's decision to transfer the case. *Flair Broadcasting,* 892 F.2d at 374 & 377. "[A]pplying the 'weight of the contacts' test to the present case, it is apparent that most of the significant events, witnesses, and records relating to the dispute either occurred or are located outside the District of South Carolina". *Id.* at 377; *see also Wilson,* 720 F.Supp. at 540.

■ In this case, the Court believes that venue is not proper under § 1391(b) for any of the claims alleged in the Complaint. The significant events of this matter, namely the fraudulent stock transactions, occurred in Connecticut and New York. Moreover, Clark Copy, the alleged conduit

---

**3.** Jurisdiction in this matter is not based solely on diversity of citizenship. The RICO and the security fraud claims are based on federal ques-

tion jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, 28 U.S.C. § 1391(b) is the appropriate venue statute to be applied in this case.

for the fraud, is located in Illinois. The record fails to indicate that any witnesses are presently located in North Carolina. While some of White's business records may be pertinent to this litigation, those documents would be relevant only for the secondary purpose of tracing the alleged fraud proceeds. The Court believes that only a minor or secondary connection to this forum constitutes an insufficient showing for purposes of meeting the "weight of contacts" test enunciated by the Fourth Circuit in *Flair Broadcasting*. Accordingly, the Court concludes that venue is not proper in this matter pursuant to § 1391(b).

Despite this conclusion, venue may be proper if a special venue provision is provided in the applicable statutes. *See State of N.C. ex rel. Long v. Alexander & Alexander*, 680 F.Supp. 746 (E.D.N.C.1988) (holding that venue may be invoked through either RICO special venue provision or § 1391(b)). In this case, the RICO statute as well as the relevant securities acts provide special venue provisions.

### C. *Venue of RICO Claims.*

Claims one (1) and two (2) of the Complaint allege violations of RICO. Under RICO, venue can be established pursuant to 18 U.S.C. §§ 1965(a) or 1965(b). A discussion of each follows.

1. Venue under 18 U.S.C. § 1965(a).

The special venue provision of the RICO statute is codified at 18 U.S.C. § 1965(a). That statute provides:

> Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or *transacts his affairs* (emphasis added).

In this case, Plaintiffs rely on the phrase "transacts his affairs" in arguing that Clark in collusion with the other Defendants purchased White for the purpose of laundering the proceeds from the Clark Copy investment. The Court believes that this phrase of § 1965(a) is the only possible provision of the statute in which Plaintiffs can rely. None of Defendants reside in this district. None can be found in this

district. And there has been no showing by Plaintiffs that any of Defendants have an agent located in this district.

Clark argues that the "transacts his affairs" phrase is inapplicable to him for two (2) reasons.

First, Clark contends that the phrase is written in the present tense. According to Clark, in order to base venue on the phrase, Plaintiffs must show that he *currently* transacts his affairs in this district. Clark has filed an affidavit that indicates that he was removed as president of Clark Copy in August, 1988. Therefore, Clark asserts that he is no longer transacting affairs in this district.

The Court agrees with Clark's interpretation of the statute. Although the Court is unaware of any case law addressing the question of whether the phrase "transacts his affairs" limits the use of the phrase to the present tense, the Court believes that the statutory language is clear that the phrase was not intended to apply to situations where a party once transacted his affairs in one district but has since the time of the filing of the Complaint ceased from transacting his affairs in that district. *See generally* U.S.Code Cong. and Adm. News 1970, at pp. 4007, 4034 (indicating in legislative history that phrase "transacts his affairs" is written in present tense).

Because venue can also be established through the use of § 1391, the Court believes that the proper statutory construction requires that the statute be interpreted narrowly. If Congress had intended the statute to apply to any district where a party had once transacted business, the Court believes that the statute would have been drafted in the past and present tenses. Moreover, the statute allows venue to be based on where a defendant currently resides or is located or has agents. A plaintiff has several enumerated options in choosing the correct district to initiate the litigation. Accordingly, the Court believes that the statutory intent of providing clear direction as to the appropriate locations for alleging venue would be defeated if the statute was interpreted in a broad manner.

4343 <br><br> 599

Thus, the Court believes that in order to demonstrate venue under the phrase "transacts his affairs", the plaintiff must show that the defendant is transacting his affairs in the district where the suit is initiated on the day the complaint is filed.

■ Second, Clark argues that venue is not proper in this district pursuant to the phrase "transacts his affairs" because the phrase requires that Clark be transacting his personal affairs and not the affairs of Clark Copy. In support of that argument, Clark cites the case of *Bulk Oil (USA) Inc. v. Sun Oil Trading Co.*, 584 F.Supp. 36 (S.D.N.Y.1983). In that case, the district court held that venue could not be found in a district where an employee (the defendant) of a corporation (a non-party) had conducted affairs on behalf of his employer. *Id.* at 39 (holding that argument that venue is proper as to individuals who conduct business on behalf of corporation is "... [c]ontrary to the express language of the statute: venue under section 1965(a) is proper in the district in which a defendant transacts *his* affairs (emphasis added)").

■ The Court finds the *Bulk Oil* case to be persuasive. Under the fiduciary shield doctrine, if an individual has contacts with the forum only by virtue of his acts as a fiduciary of a corporation, he may be personally shielded from the exercise of jurisdiction in the forum on the basis of that contact. *See id.* at 40. The Court does not believe that this record demonstrates that Clark's activities in purchasing White on behalf of Clark Copy arose to a such a level of impropriety that the corporate veil should be pierced. Moreover, Plaintiffs have not produced any evidence in support of piercing the Clark Copy corporate veil. Therefore, the Court believes that Clark's activities were conducted on behalf of Clark Copy and not himself.

While Clark may have personally benefited from such transactions, the real dispute Plaintiffs have appears to be with Clark Copy and White. However, these corporations are not named as parties in the litigation. The Court does not believe that Plaintiffs have demonstrated that sufficient reason exist to find that Clark Copy

was merely an alter ego of Clark. Therefore, the Court believes that Plaintiffs have failed to establish venue exists in this district for the Court to exercise jurisdiction over Clark on the RICO claims.

2. Venue under 18 U.S.C. § 1965(b).

■ An alternative special RICO venue statute is codified at 18 U.S.C. § 1965(b). That statute provides:

In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

As Clark notes in his motion to dismiss, it appears from the Complaint that Plaintiffs may be attempting to invoke this statute by arguing that venue is proper in this district as to Clark because Sorensen and Danielsson are transacting their affairs in this district via their ownership of White stock. Arguably, § 1965(b) would then allow the Court to bring Clark into this district. In order to invoke the provisions of § 1965(b), at least one defendant must be before the court pursuant to the venue provisions of 28 U.S.C. § 1391(b) or 18 U.S.C. § 1965(a). *See Anchor Glass Container Corp. v. Stand Energy Corp.*, 711 F.Supp. 325, 330–31 (S.D.Miss.1989).

In this case, the Court does not believe the interests of justice would be served by invoking § 1965(b). It is somewhat unclear to the Court whether the ownership of stock in White demonstrates a sufficient showing that Danielsson and Sorensen are transacting their affairs in this district. Moreover, the Complaint through letters rogatory has not yet been served on Danielsson and Sorensen despite those letters being issued by the Court on July 27, 1990. Therefore, it appears to the Court that a substantial likelihood exists that those Defendants may never be served with the Complaint. The Court does not believe that justice would be served by bringing Clark into an action through jurisdictional

ties of co–Defendants whom may ultimately not be parties in this action. Accordingly, the Court finds that § 1965(b) does not confer venue over Clark in this district.

### D. *Venue of Security Fraud Claims.*

Claims three (3) and four (4) of the Complaint allege violations of security fraud. Both of the statutes contain special venue provisions. A discussion of each follows.

#### 1. Venue under 15 U.S.C. § 78aa.

Venue for a violation of Rule 10b–5 of the Securities Exchange Act of 1934 is provided at 15 U.S.C. § 78aa. That statute provides in pertinent part:

> ... Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulation thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or *transacts business* ... (emphasis added).

In this case, there is no evidence in the record that any securities were sold or received in North Carolina. Moreover, as previously noted, Clark is not found in this district nor is he an inhabitant of this district. Therefore, the Court must again determine whether Clark "transacts business" in this district.

Just as with the RICO special venue statute, a defendant must be transacting personal business as opposed to business for his employer within the district in which venue is contended. *See United Indus. Corp. v. Nuclear Corp. of America*, 237 F.Supp. 971 (D.Del.1964). Moreover, the phrase "transacts business" is written in the present tense. Again, the Court believes that the statute should be strictly construed, and thus, limited to basing venue in districts where a party currently transacts business.

For these reasons, the Court concludes that venue does not lie in this district under 15 U.S.C. § 78aa.

#### 2. Venue under 15 U.S.C. § 77v.

Venue for a violation of Section 17(a) of the Securities Act of 1933 is provided at 15 U.S.C. § 77v. That statute provides in pertinent part:

> ... Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or *transacts business*, or in the district where the offer or sale took place, if the defendant participated therein ... (emphasis added).

As indicated above, Clark is not found in this district, nor is he an inhabitant of this district. There is no evidence that an offer to sell securities or the actual sale of securities took place in this district. Thus, the only basis for venue in this case under 15 U.S.C. § 77v is whether Clark "transacts business" in this district. For the same reasons previously cited, the Court believes that Plaintiffs have failed to make such a showing, and therefore, venue is not proper under this statute.

### E. *Dismissal for Improper Venue pursuant to Rule 12(b)(3).*

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that the Court may dismiss a case in which venue is improper. If the interest of justice will be served, 28 U.S.C. § 1406(a) permits the Court to transfer a case to any district in which venue is proper.

In this case, the Court believes that dismissal of claims one (1) through four (4) based on improper venue is warranted. No motion is currently pending before the Court to transfer. Moreover, the Court is not entirely sure which district would be the most convenient to litigate this matter. The Court agrees with Clark's statement that:

> The requirements of justice do not require this court to engage in an extended discovery of the facts material to laying proper venue, if such venue can be layed (sic). The burden for selecting a proper venue, if any, should remain on the Plaintiffs and not be shifted to this court.

*See Defendant Clark's Memorandum in Support of Motion to Dismiss,* filed September 18, 1990, at 9–10.

Accordingly, the Court believes that the interests of justice do not require that this matter be transferred. The Court will dismiss without prejudice claims one (1) through (four) as those claims relate to Clark for improper venue. Plaintiffs are granted leave to refile these claims in a district in which venue is proper.

### F. *Dismissal of Pendent State Claims.*

 Claims five (5) and six (6) of the Complaint are based on state law. Jurisdiction of those claims are based on pendent state jurisdiction. Because claims one (1) through four (4) have been dismissed as to Clark, the Court no longer has subject matter jurisdiction over claims five (5) and six (6) as those claims relate to Clark. Accordingly, the Court will dismiss claims five (5) and six (6) as those claims relate to Clark for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### G. *Conclusion.*

 Because the Court has dismissed all of the claims as those claims relate to Clark, the Court does not believe that it is necessary to address the remaining grounds raised by Clark in his motion to dismiss.

As to Defendants Danielsson and Sorensen, the Court has serious reservations as to whether venue is proper in this district as to those Defendants. However, because those Defendants have not been served with the Complaint, the Court does not have before it a motion to dismiss this action as it relates to Danielsson and Sorensen. Therefore, the Court does not believe that it would be appropriate to dismiss this action against those Defendants sua sponte. Therefore, this case will proceed as to Danielsson and Sorensen.

Plaintiffs motion to Amend the Complaint will be granted.

As to Defendant Clark, claims one (1) through (4) are dismissed for improper venue. Claims five (5) and six (6) are dismissed for lack of subject matter jurisdiction.

### IV. ORDER OF THE COURT.

NOW, THEREFORE, IT IS ORDERED that Plaintiffs' motion to Amend the Complaint be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that Defendant Clark's motion to dismiss this action without prejudice be, and hereby is, GRANTED AS TO DEFENDANT CLARK ONLY. Leave is granted for Plaintiffs to refile those claims related to Clark in a district in which venue is proper. This matter shall proceed in this district as to Defendants Danielsson and Sorensen.