**Ina G. JACOBI, Plaintiff,**

v.

**Mr. Frank S. BLOCKER, Owner, Eastern Auto Distributors, Inc., Defendant.**

**Civ. A. No. 2:93cv527.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 25, 1994.

Philip L. Russo, Jr., Philip L. Russo, Jr., P.C., Virginia Beach, VA, for Ina G. Jacobi.

William F. Devine, Hofheimer, Nusbaum, McPhaul & Samuels, Norfolk, VA, for S. Frank Blocker and Eastern Auto Distributors, Inc.

## ORDER

KELLAM, District Judge.

On January 20, 1994, the Court heard argument on the exceptions to the Magistrate Judge's Report filed by defendant Eastern Auto Distributors, Inc. Prior to the oral argument, the Court had reviewed *de novo* the complete file in this case, including the pleadings, Magistrate Judge's Report and Recommendation, the briefs and exceptions to the report. Following oral argument, the Court stated from the bench its review of the facts of this case and its opinion, affirming the Magistrate Judge's Report. For the reasons so stated, the said Report and Recommendation are affirmed.

Copy of this Order is forwarded to counsel.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

PRINCE, United States Magistrate Judge.

### Order of Designation

Senior United States District Judge John A. MacKenzie, by an Order entered October 25, 1993, pursuant to 28 U.S.C. § 636(b)(1)(B), designated the undersigned Magistrate Judge to conduct a hearing and to submit to a judge of the Court proposed recommendations for disposition by the judge of defendant's Motion to Dismiss Amended Complaint, filed September 15, 1993.

A hearing was held on October 28, 1993, at which Philip L. Russo, Jr., Esquire, appeared on behalf of plaintiff; and William F. Devine, Esquire, appeared on behalf of defendant.

### Nature of the Case

This is an action arising out of a claim of sexual harassment, brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Defendant Frank Blocker has moved to dismiss the Amended Complaint on the ground that plaintiff has failed to satisfy the prefiling requirements for a Title VII claim against him. Defendant Eastern Auto Distributors, Inc. ("Eastern Auto"), moved to dismiss the Amended Complaint on the ground that the Court lacks subject matter jurisdiction over the action as a result of the plaintiff's failure to file suit against Eastern Auto within the 90-day right to sue period of Title VII. 42 U.S.C. § 2000e-5(f)(1).

### Facts

Plaintiff was employed by defendant Eastern Auto as a salesperson from October 1992 until February 1993. On December 17, 1992, plaintiff filed a Charge of Discrimination against Eastern Auto with the EEOC alleging discriminatory practices. The EEOC's efforts resulted in Eastern Auto's offer of a settlement, signed by Frank S. Blocker for Eastern Auto on January 6, 1993. The EEOC advised plaintiff of the proposed settlement agreement by letter dated January 13, 1993, further stating that the Director of the EEOC had determined that the offer of settlement constitutes the relief that would be obtained by litigation of the charge. Plaintiff did not accept and did not sign this settlement agreement, and the EEOC issued plaintiff a "Notice of Right to Sue" on February 26, 1993. The "Notice of Right to Sue" indicated that copies were to be sent to "Mr. Frank S. Blocker, Owner, Eastern Auto Distributors, Inc."

Plaintiff then filed the original Complaint in the instant action on May 26, 1993, proceeding *pro se.* The caption of the Complaint names "Mr. Frank S. Blocker, Owner, Eastern Auto Distributor[ ], Inc." as the defendant. Defendant filed a Motion to Dis-

miss on June 24, 1993. Plaintiff thereafter secured representation by counsel and filed a Response to Defendant's Motion to Dismiss, through counsel, on August 9, 1993. Among other things, plaintiff's response requested leave to amend her Complaint. On August 25, 1993, defendant's motion to dismiss came before Senior District Judge John A. MacKenzie, who heard the arguments of counsel. Judge MacKenzie declined to rule on defendant's motion and granted plaintiff 15 days to file an amended complaint. Plaintiff filed an Amended Complaint on September 9, 1993, naming "Eastern Auto Distributors, Inc." as the defendant. The caption of the Amended Complaint made no reference to Mr. Frank Blocker, as the previous filings in this action had. Both Eastern Auto and Mr. S. Frank Blocker, Jr.,[1] have moved to dismiss the Amended Complaint under Fed.R.Civ.P. 12(b)(1) and (4).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Mr. Blocker and Eastern Auto contend that this action should be dismissed for plaintiff's failure to state facts on which the Court's jurisdiction depends as to both defendants, for failure to satisfy the prefiling requirements as to Mr. Blocker, for failure to satisfy the timeliness requirements as to Eastern Auto, and for failure to properly serve process as to Eastern Auto. Plaintiff argues in response that the original Complaint was filed *pro se* and the Amended Complaint, prepared by counsel, remedies the defects in the original Complaint.

■ In order to ensure access to this Court, a *pro se* litigant is entitled to a liberal reading of her pleadings. *See Hudspeth v. Figgins,* 584 F.2d 1345 (4th Cir.1978), *cert. denied,* 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979); *Islam v. Jackson,* 782 F.Supp. 1111 (E.D.Va.1992). Courts take a liberal policy towards the pleadings of *pro se* litigants. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In this case, plaintiff initiated suit by filing a Complaint *pro se,* but was later able to obtain

the assistance of counsel. Given leave by the Court to file an amended complaint, counsel has attempted to remedy the defects that appear in plaintiff's original Complaint.

■ A motion to dismiss should be granted only if it plainly appears from the pleadings that there is no set of facts that plaintiff could plead in support of her claim that would entitle her to relief. *Starks v. Albemarle County,* 716 F.Supp. 934, 937 (W.D.Va. 1989) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957); *Byrd v. Gates Petroleum Co.,* 845 F.2d 86, 87 (4th Cir.1988)). Mr. Blocker and Eastern Auto are entitled to dismissal under Rule 12 only if the allegations in the Complaint or the Amended Complaint fail to establish this Court's jurisdiction or a claim upon which the requested relief can be granted.

■ Defendants first argue that the original Complaint failed to contain any statement of jurisdictional grounds, as required by Fed.R.Civ.P. 8(a)(1), mandating dismissal of the Amended Complaint. Defendants do not contend that this procedural deficiency afflicts the Amended Complaint. Leave to amend a pleading should be freely granted to correct or clarify an insufficient statement of the court's jurisdictional basis over the suit. *Medoil Corp. v. Clark,* 753 F.Supp. 592, 596 (W.D.N.C.1990). The rule that leave to amend a complaint should be freely granted applies with particular force when the amendment is sought in order to cure defective allegations concerning subject matter jurisdiction. *Moll v. Southern Charters, Inc.,* 81 F.R.D. 77, 79 (E.D.N.Y.1979). Because plaintiff was afforded leave of court to amend the original Complaint and the Amended Complaint clearly contains the requisite jurisdictional allegations, the Amended Complaint should not be dismissed on this basis.

■ The section of Title VII at issue here states that within 90 days after the issuance of a right to sue letter "a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). Rule 3

---

1. The Complaint and other pleadings refer to "Mr. Frank S. Blocker," but the Affidavit filed by defendant on June 29, 1993, states that Mr. Blocker's name is "S. Frank Blocker, Jr."

of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." A complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While plaintiff's original Complaint may have been too short and too plain, it nevertheless provides fair notice to the defendants of plaintiff's claim and may be referred to properly as a "complaint" for purposes of the Federal Rules of Civil Procedure. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (mere filing of right to sue letter in district court insufficient to constitute initial pleading because a civil action is commenced by filing a complaint with the court). The Complaint clearly shows that Ms. Jacobi alleges that she was sexually harassed at her workplace and represents an attempt to obtain judgment against her employer. Plaintiff apparently failed, however, to recognize the subtle but undisputed distinction between a corporation and its individual owner, and she styled her action against Mr. Blocker, describing him as the owner of Eastern Auto. The Affidavit of S. Frank Blocker, Jr., filed June 29, 1993 (Docket Entry # 7), states that he is the sole shareholder of Eastern Auto, a Virginia corporation.

By referring only to Eastern Auto as the defendant in the caption of the Amended Complaint, Ms. Jacobi's attorney clearly demonstrated that Ms. Jacobi intends to pursue this action against Eastern Auto, her employer, and not against Mr. Jacobi, the individual who is the sole shareholder of Eastern Auto. Before filing suit under Title VII, plaintiff must file a Charge Of Discrimination with the EEOC, giving the defendant an opportunity to defend himself at the administrative level and affording the EEOC an opportunity to exercise its administrative and conciliatory authority. *See* 40 U.S.C. § 2000e–5. Defendant correctly contends that neither the Complaint nor the Amended Complaint contain any allegation that plaintiff has satisfied the administrative pre-filing requirements as to Mr. Blocker. Accordingly, Mr. Blocker, in his individual capacity, should be dismissed from this suit.

The Amended Complaint, naming Eastern Auto as defendant, alleges that plaintiff filed a complaint with the EEOC in December of 1992, and further alleges that the EEOC issued plaintiff a "right to sue" letter on February 26, 1993, informing plaintiff of her right to file suit against defendant within 90 days. Docket Entry # 6 at ¶¶ 5–6. Title VII provides that a claimant has the right to sue the respondent named in the charge of discrimination filed with the EEOC within 90 days of plaintiff's receipt of the Notice of Right to Sue. 40 U.S.C. § 2000e–5(f)(1). The original Complaint (Docket Entry # 3) was filed on May 26, 1993, within 90 days of February 26, but the Amended Complaint was filed on September 9, 1993, clearly beyond the 90 day period.

The fundamental question is thus whether Ms. Jacobi commenced her action against Eastern Auto on May 26. Eastern Auto contends that Ms. Jacobi's original Complaint initiated suit against Mr. Blocker only, and further that she did not file suit against Eastern Auto until September 9 pursuant to the Amended Complaint. Plaintiff responds by arguing simply that the original Complaint does list Eastern Auto as defendant, "albeit not in the style to which the court is normally accustomed." Plaintiff relies heavily on her *pro se* status to excuse the deficiencies of the original Complaint that have been rectified in the Amended Complaint.

A number of factors mandate finding that the original Complaint adequately names Eastern Auto as defendant, allowing the date of the filing of the Amended Complaint to relate back to the filing of the original Complaint. First, plaintiff initiated this action *pro se* and is entitled to a liberal interpretation of her pleadings. Given that frame of reference, Ms. Jacobi's styling of her action as against "Mr. Frank S. Blocker, Owner, Eastern Auto Distributor[ ], Inc." easily lends itself to an interpretation of the Complaint as against Eastern Auto. This interpretation is bolstered by her inclusion of Eastern Auto's business address in the caption of the Complaint. In addition, the Notice of Right to Sue issued by the EEOC indicates that a copy of the Notice was to be

sent to "Mr. Frank S. Blocker, Owner, Eastern Auto Distributors, Inc." Ms. Jacobi understandably, though mistakenly, assumed that her suit should be styled in the same manner.

Defendants argue that the propriety of plaintiff's naming Eastern Auto as the sole defendant in the Amended Complaint must be analyzed under the misjoinder/nonjoinder provisions of Fed.R.Civ.Pro. 21. Defendants cite *United States v. Swink*, 41 F.Supp. 98 (E.D.Va.1941), for the proposition that Rule 21 may not be employed to permit a suit against a new party. While defendant's argument concerning the proper construction of Rule 21 may be entirely correct, the argument is inapposite to the present case because of the applicability of Rule 15.

Amendments to a party's pleading are permitted by leave of court whenever justice so requires pursuant to Fed.R.Civ.P. 15(a). The Court granted plaintiff leave to amend her Complaint on August 25, 1993. An amendment of a pleading relates back to the date of the original pleading when the requirements of Fed.R.Civ.P. 15(c) are satisfied. Rule 15(c) permits relation back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if:

1) the claim asserted in the amended pleading arose out of the conduct or occurrence set forth or attempted to be set forth in the original pleading; and

2) within the 120 day time period provide by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment

(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and

(B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Fed.R.Civ.P. 15(c).

Relation back under Rule 15(c) applies in this case, so that the date of the Amended Complaint relates back to May 26, 1993, the date of the original Complaint. The amendment changes the party or the naming of the party against whom the claim is asserted by naming "Eastern Auto Distributors, Inc." as defendant, and the claim asserted in the Amended Complaint arose out of the same conduct or occurrence involving sexual harassment that plaintiff attempted to set forth in the original pleading. Further, because Mr. Blocker was actually served with process in this action and is the sole shareholder of Eastern Auto, Eastern Auto has in fact received such notice of the institution of this action that it will not be prejudiced in maintaining a defense on the merits. Finally, Ms. Jacobi filed a charge of discrimination with the EEOC against Eastern Auto, Eastern Auto offered to enter into a negotiated settlement with Ms. Jacobi, and this proposed settlement agreement was executed by Mr. Blocker on behalf of Eastern Auto. Eastern Auto therefore knew or should have known that, but for Ms. Jacobi's mistake concerning the identity of the proper party, the action would have been brought against Eastern Auto.

■ The rationale behind Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150 n. 4, 104 S.Ct. 1723, 1725 n. 4, 80 L.Ed.2d 196 (1984). The Advisory Committee notes to the 1991 amendments to Rule 15 specifically state that the rule was revised "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense."

Accordingly, the naming of Eastern Auto Distributors, Inc., as the party defendant relates back to May 26, 1993, the date of the original Complaint, and the filing of this suit falls within the 90-day period allowed by 42 U.S.C. § 2000e-5(f)(1).

### RECOMMENDATION

For the reasons stated, it is recommended that defendant Frank S. Blocker's motion to dismiss be GRANTED and that defendant Eastern Auto Distributors, Inc.'s motion to

dismiss be DENIED. Additionally, it is recommended that the Complaint be deemed amended to name Eastern Auto Distributors, Inc., as the defendant in this action.

### DIRECTIONS FOR MAILING AND REVIEW PROCEDURES

The Clerk shall mail copies of this Report and Recommendation to counsel of record. By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing recommendation within ten (10) days from the date of mailing of this report to the objecting party (*see* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.

2. A district judge shall make a *de novo* determination of those portions of this report or specific recommendation to which objection is made.

◼ The parties are further notified that failure to file timely objections to the recommendation set forth above will result in waiver of right to appeal from a judgement of this court based on such recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841, 846 (4th Cir.1985) (quoting *Carr v. Hutto,* 737 F.2d 433, 434 (4th Cir.1984), *cert. denied,* 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985)); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

Norfolk, Virginia

December 10, 1993